# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

YVONNE STULL, individually, and )
on behalf of a class of others )
similarly situated, )
)
      Plaintiff, )
)
 vs. )   Case No. 2:09-CV-04187-NKL
)
KRAFT FOODS GLOBAL, INC., d/b/a )
COLUMBIA FOODS COMPANY, )
)
      Defendant. )
)
)

## ANSWER

The defendant, Kraft Foods Global, Inc. ("Kraft"), by its attorneys, Daniel A. Kaplan of Foley & Lardner LLP, and Patrick F. Hulla of Ogletree Deakins, answers plaintiff, Yvonne Stull's ("Stull" or "plaintiff"), complaint as follows:

## GENERAL RESPONSE

Kraft denies the existence of any purported class, both as a matter of law and of fact, and denies that any member of the putative class was denied compensation to which he or she was entitled in violation of law. Therefore, Kraft denies all allegations as asserted with respect to any class, and responds to the factual allegations of the Complaint as asserted with respect to the named plaintiff – Yvonne Stull.

## SPECIFIC RESPONSES

1.     Kraft admits the allegations contained in paragraph 1 of the Complaint.

2. Kraft admits that it operates a plant in Columbia, MO, and that such plant produces Oscar Mayer brand hot dogs.

3. Kraft admits that it employs more than a hundred production employees in its Columbia facility. Kraft denies the remaining allegations in paragraph 3 of the Complaint.

4. Kraft admits that plaintiff was at one time a production employee at the Columbia facility; but, states that plaintiff had not been employed by Kraft as a production employee since approximately January 2007. Kraft admits that the Complaint purports to assert a collective action under the FLSA and a class action under Missouri state law; but, Kraft denies that either a collective or class action is appropriate, and denies all remaining allegations contained in paragraph 4 of the Complaint.

5. Kraft denies the allegations contained in paragraph 5 of the Complaint.

6. Kraft denies the allegations contained in paragraph 6 of the Complaint, as well as the suggestion that plaintiff is similarly situated to any other Kraft employees.

7. Kraft admits the allegations contained in paragraph 7 of the Complaint.

8. Kraft admits that this court has supplemental jurisdiction over plaintiff's state law laws under 28 U.S.C. § 1367 because the state claims are related to the FLSA claim. Kraft denies the remaining allegations contained in paragraph 8 of the Complaint.

9. Kraft admits the allegations contained in paragraph 9 of the Complaint.

10. Kraft admits the allegations contained in paragraph 10 of the Complaint.

11. On information and belief, Kraft admits the allegations contained in paragraph 11 of the Complaint.

12. Kraft admits that it produces Oscar Mayer brand hot dogs at its Columbia facility. Kraft denies the remaining allegations contained in paragraph 12 of the Complaint.

13. On information and belief, Kraft admits that plaintiff attended an at least one-day orientation when she began working at the Columbia facility. Kraft lacks sufficient knowledge or information to admit or deny whether during that orientation plaintiff was informed that the Columbia facility was non-union, and therefore denies the same. Kraft admits that the employees at the Columbia facility are not represented by a union.

14. Kraft denies the allegations contained in paragraph 14 of the Complaint, as well as the suggestion that plaintiff is similarly situated to any other Kraft employees.

15. Kraft denies the allegations contained in paragraph 15 of the Complaint, as well as the suggestion that plaintiff is similarly situated to any other Kraft employees.

16. Kraft denies the allegations contained in paragraph 16 of the Complaint, as well as the suggestion that plaintiff is similarly situated to any other Kraft employees.

17. Kraft denies the allegations contained in paragraph 17 of the Complaint, as well as the suggestion that plaintiff is similarly situated to any other Kraft employees.

18. Kraft denies the allegations contained in paragraph 18 of the Complaint, as well as the suggestion that plaintiff is similarly situated to any other Kraft employees.

19. Kraft admits that some of the items obtained from the career clothing station must be placed in bins at the end of their use to be washed and sanitized. Kraft denies the remaining allegations contained in paragraph 19.

20. Kraft denies the allegations contained in paragraph 20 of the Complaint, as well as the suggestion that plaintiff is similarly situated to any other Kraft employees.

21. Kraft denies the allegations contained in paragraph 21 of the Complaint, as well as the suggestion that plaintiff is similarly situated to any other Kraft employees.

22. Kraft denies the allegations contained in paragraph 22 of the Complaint, as well as the suggestion that plaintiff is similarly situated to any other Kraft employees.

23. Kraft denies the allegations contained in paragraph 23 of the Complaint, as well as the suggestion that plaintiff is similarly situated to any other Kraft employees.

24. Kraft admits that it requires employees to swipe a name card in order to gain entrance to the Columbia facility, and that the swipe to enter into the

facility is not part of the payroll time keeping system. Kraft denies the remaining allegations contained in paragraph 24 of the Complaint.

25. Kraft admits that there was a lawsuit filed against it in 2007 by some hourly employees at an Oscar Mayer division facility. Kraft denies the remaining allegations contained in paragraph 25 of the Complaint.

26. Kraft denies the allegations contained in paragraph 26 of the Complaint, as well as the suggestion that Kraft has done anything contrary to law at any facility.

27. Kraft admits that plaintiff purports to maintain an FLSA collective action pursuant to 29 U.S.C. § 216(b) and a state law class action pursuant to Rule 23. Kraft denies that it is appropriate to maintain any of plaintiff's claims of actions as a collective or class action, and denies the appropriateness of the purported class definition for all claims. Kraft also denies that plaintiff is an adequate representative for any of the purported collective or class actions.

28. Kraft denies that it is appropriate to maintain this action as either a collective action under the FLSA or a class action under Rule 23, as well as the suggestion that plaintiff is similarly situated to any other Kraft employee.

29. Kraft admits that plaintiff purports to allege a claim under the FLSA. Kraft denies that the maintenance of this action as a collective action under the FLSA is at all appropriate, the suggestion that it has violated any law, and any suggestion that plaintiff is similarly situated to any other Kraft employee. Kraft admits that it maintains records by which the names of its employees can be identified. Kraft denies all remaining allegations contained in paragraph 29 of the Complaint.

30. Kraft denies the allegations contained in paragraph 30 of the Complaint, and the suggestion that maintenance of this action as a collective or class action is appropriate.

31. Kraft denies the allegations contained in paragraph 31 of the Complaint, and the suggestion that maintenance of this action as a collective or class action is appropriate.

32. Kraft denies the allegations contained in paragraph 32 of the Complaint, and each sub-paragraph therein, and the suggestion that maintenance of this action as a collective or class action is appropriate.

33. Kraft denies the allegations contained in paragraph 33 of the Complaint, and the suggestion that maintenance of this action as a collective or class action is appropriate.

34. Kraft denies the allegations contained in paragraph 34 of the Complaint, and the suggestion that maintenance of this action as a collective or class action is appropriate.

35. Kraft denies the allegations contained in paragraph 35 of the Complaint, and the suggestion that maintenance of this action as a collective or class action is appropriate.

36. Kraft denies the allegations contained in paragraph 36 of the Complaint, and the suggestion that maintenance of this action as a collective or class action is appropriate.

37. Kraft denies the allegations contained in paragraph 37 of the Complaint, and the suggestion that maintenance of this action as a collective or class action is appropriate.

38. Kraft repeats and incorporates by this reference its responses to paragraphs 1 thru 37 above.

39. Kraft admits the allegations contained in paragraph 39 of the Complaint.

40. Kraft admits the allegations contained in paragraph 40 of the Complaint.

41. Kraft admits the allegations contained in paragraph 41 of the Complaint.

42. Kraft denies the allegations contained in paragraph 42 of the Complaint.

43. Kraft admits the allegations contained in the first sentence of paragraph 43 of the Complaint, and that plaintiff was not employed in an exempt category when employed by Kraft. Kraft denies the remaining allegations contained in paragraph 43 of the Complaint, and the suggestion that plaintiff was similarly situated to any other Kraft employee.

44. Kraft denies the allegations contained in paragraph 43 of the Complaint, and the suggestion that plaintiff is similarly situated to any other Kraft employee.

45. Kraft denies the allegations contained in paragraph 44 of the Complaint, and the suggestion that plaintiff is similarly situated to any other Kraft employee.

46. Kraft denies the allegations contained in paragraph 45 of the Complaint, and the suggestion that plaintiff is similarly situated to any other Kraft employee.

7

47. Kraft denies the allegations contained in paragraph 46 of the Complaint, and the suggestion that plaintiff is similarly situated to any other Kraft employee.

With respect to the prayer for relief contained in the WHEREFORE paragraph that follows paragraph 47, Kraft denies that plaintiff, or anyone else, is entitled to the relief requested.

48. Kraft repeats and incorporates by this reference its responses from above.

49. Kraft admits that plaintiff was hired to work at a specific wage rate when hired. Kraft denies the remaining allegations contained in paragraph 49 of the Complaint.

50. Kraft denies the allegations contained in paragraph 50 of the Complaint.

51. Kraft denies the allegations contained in paragraph 51 of the Complaint.

52. Kraft denies the allegations contained in paragraph 52 of the Complaint.

With respect to the prayer for relief contained in the WHEREFORE paragraph that follows paragraph 52, Kraft denies that plaintiff, or anyone else, is entitled to the relief requested.

53. Kraft repeats and incorporates by this reference its responses from above.

54. Kraft denies the allegations contained in paragraph 54 of the Complaint.

55. Kraft denies the allegations contained in paragraph 55 of the Complaint.

56. Kraft denies the allegations contained in paragraph 56 of the Complaint.

With respect to the prayer for relief contained in the WHEREFORE paragraph that follows paragraph 57, Kraft denies that plaintiff, or anyone else, is entitled to the relief requested.

## ADDITIONAL DEFENSES

1. Plaintiff lacks standing to assert some or all of the claims against Kraft and to represent any putative class or collective action.

2. Class and collective action certification is inappropriate in this action because the alleged members are not too numerous to join as parties and joinder is practicable as a matter of law.

3. Plaintiff cannot maintain this action as a class action because the plaintiff is not a proper or adequate representative of the alleged class and the alleged class action would not have adequate representation.

4. Plaintiff has interests that conflict with those of the putative class or collective action members.

5. Class and collective action certification is inappropriate because plaintiff cannot demonstrate that class or collective action litigation is superior to other means of adjudication.

6. Class action certification is inappropriate because common questions of law or fact do not predominate over questions affecting only individual members.

9

7. Class action certification is inappropriate because plaintiff's claims are not typical of those of the putative class.

8. Class and collective action certification is inappropriate because the litigation and/or trial of the asserted claims would be unmanageable as a class action.

9. At least one of plaintiff's claims fail to state a claim for which relief may be granted.

10. Some or all of plaintiff's claims are barred by accord and satisfaction.

11. Some or all of plaintiff's claims are barred by the applicable statute of limitations.

12. Some or all of plaintiff's claims are barred because any time associated with the alleged donning and doffing activities are non-compensable, preliminary and postliminary activities.

13. Some or all of plaintiff's claims are barred because any uncompensated time associated with the alleged donning and doffing activities is *de minimis*.

14. Some or all of plaintiff's claims are barred in whole or in part by the doctrine of waiver.

15. Some or all of plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

16. Some or all of plaintiff's claims are barred in whole or in part by the doctrine of laches.

17. Upon information and belief, plaintiff has failed to mitigate her alleged damages.

18. Some or all of plaintiff's claims are barred in whole or in part by plaintiff's unclean hands.

19. Some or all of plaintiff's claims are barred in whole or in part by Kraft's payment of all that was owed.

20. Some or all of plaintiff's claims are barred in whole or in part by Kraft's good faith and Kraft's reasonable belief that its actions were in compliance with applicable laws.

21. Some or all of plaintiff's claims are barred in whole or in part because Kraft is entitled to a credit or offset against amounts overpaid by Kraft.

22. Some or all of plaintiff's claims are barred in whole or in part because plaintiff breached her contract, if any, with Kraft, and that by reason of said breach of contract, Kraft has been excused of its duties to perform all obligations arising from the alleged contract.

23. Some or all of plaintiff's claims are barred in whole or in part because of insufficient consideration.

24. Some or all of plaintiff's claims are barred in whole or in part because any alleged contractual obligations are unenforceable by reason of a mutual mistake.

25. Kraft reserves the right to assert such other additional and/or affirmative defenses that become known through discovery.

WHEREFORE, Defendant Kraft respectfully requests that the Court enter judgment in its favor dismissing all of plaintiff's claims, with prejudice, and awarding to Kraft its costs and fees as allowed by law and whatever other relief the Court deems just and proper.

11

Dated: October 14, 2009                          Respectfully submitted,

                                                  Daniel A. Kaplan, *Admission pro hac vice* pending
Foley & Lardner LLP
150 East Gilman Street
Madison, WI 53703-1481
Post Office Box 1497
Madison, WI 53701-1497
T: 608.258.4231 (direct)
F: 608.258.4258
dkaplan@foley.com (email)

/s/ Patrick F. Hulla _____
Patrick F. Hulla, #41745
Ogletree Deakins
Park Central Plaza
4717 Grand Avenue , Suite 300
Kansas City, MO 64112
T: 816.471.1301
F: 816.471.1303
patrick.hulla@ogletreedeakins.com (email)

**ATTORNEYS FOR DEFENDANT KRAFT FOODS GLOBAL, INC., D/B/A COLUMBIA FOODS COMPANY**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 14th day of October, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

George A. Hanson
Virginia Stevens Crimmins
Ashlea Schwarz
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
hanson@stuevesiegel.com
crimmins@stuevesiegel.com
ashlea@stuevesiegel.com

ATTORNEYS FOR PLAINTIFFS

/s/Patrick F. Hulla
**Attorney for Defendant**