# EXHIBIT 1

# SETTLEMENT AGREEMENT
## AND
## RELEASE OF CLAIMS


**Yvonne Stull, *et al.*,**

**and**

**Kraft Foods Global, Inc.  d/b/a Columbia Foods Co.**

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Agreement, along with all exhibits hereto (collectively, the "Settlement Agreement"), is entered into by and between Kraft Foods Global, Inc. d/b/a Columbia Foods Company ("Kraft"), on the one hand, and Yvonne Stull (the "Class Representative"), for herself and on behalf of a class of all similarly situated employees, on the other, in the case of *Yvonne Stull, individually and on behalf of a class of others similarly situated v. Kraft Foods Global, Inc. d/b/a Columbia Food Company,* Case No. 09-04187-NKL, filed in the United States District Court for the Western District of Missouri (the "Lawsuit").

## RECITALS

WHEREAS, the Class Representative filed this Rule 23 class and Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) collective action to recover unpaid overtime and straight-time wages against Kraft on September 18, 2009 (Doc. 1);

WHEREAS, Defendant filed an Answer denying the material allegations in the Complaint on October 14, 2009 (Doc. 7);

WHEREAS, the parties engaged in significant discovery during the prosecution of the Lawsuit, including the exchange of Rule 26 disclosures and service of formal document requests and interrogatories;

WHEREAS, on or about December 15, 2009, the parties began discussing a potential resolution of this Lawsuit through the use of the Western District of Missouri Early Assessment Program and on January 8, 2010, filed a Joint Motion for Stay and Stipulation of Tolling. (Doc. 15). The Court granted the parties' motion on January 20, 2010. (Doc. 17);

WHEREAS, as a condition of mediation, the parties agreed to exchange additional information, data, and documents necessary to fully and fairly evaluate the claims of existing and

putative class members, including comprehensive personnel and related information, such as compensation data and company policies regarding timekeeping and the payment of donning and doffing time. Additionally, in anticipation of mediation, the parties agreed to participate in an informal time study of Kraft's hot dog manufacturing plant;

WHEREAS, on February 24 and 25, 2010, the parties engaged in an informal time study of the donning and doffing process at Kraft's Columbia, Missouri hot dog manufacturing plant, compensation for which is sought in this Lawsuit. The handwritten notes from this informal time study are attached hereto as Exhibit A;

WHEREAS, the parties mediated the Lawsuit on March 16, 2010, in Jefferson City, Missouri with Magistrate Judge Knox. Although the parties did not reach an agreement on that date, discussions continued and the parties ultimately arrived at an agreement to settle the claims in the Lawsuit;

WHEREAS, Defendant denies all of the allegations in the Lawsuit and any and all liability and damages of any kind to anyone with respect to these alleged facts or causes of action asserted in the Lawsuit, but nonetheless, without admitting or conceding any liability or damages whatsoever has agreed to settle the Lawsuit on the terms and conditions set forth in this Settlement Agreement to avoid the burden, expense, and uncertainty of continuing the Lawsuit;

WHEREAS, the parties recognize that the outcome in the Lawsuit is uncertain and that achieving a final result through the litigation process would require substantial additional risk, discovery, time, and expense;

WHEREAS, the Class Representative and her counsel have conducted an investigation and evaluation of the facts and law relating to the claims asserted in the Lawsuit to determine how best to serve the interests of all potential class members and believe, in view of the costs,

risks, and delay of continued litigation balanced against the benefits of settlement, that the settlement as provided in this Settlement Agreement is in the best interests of all and that the settlement provided in this Settlement Agreement represents a fair, reasonable, and adequate resolution of the Lawsuit; and

WHEREAS, the parties have agreed to settle this case as to all production employees who worked for Defendant at any time from September 18, 2004 to March 31, 2010 ("Class Period") at Kraft's Columbia, Missouri hot dog manufacturing facility ("Class Members").

NOW THEREFORE, the parties, intending to be legally bound and in consideration of the mutual covenants and other good and valuable consideration set forth below, do hereby agree as follows:

## AGREEMENT

1. **Settlement**. It is agreed by and among the parties that this action and any claims, damages, or causes of action arising out of or related to the dispute which is the subject of said action, be settled and compromised as between the Class Representative and participating Class Members and Defendant, subject to court approval and pursuant to the terms and conditions set forth in this Settlement Agreement.

2. **Settlement Fund**. Defendant agrees to establish a Settlement Fund in the amount of Two Hundred and Seven Thousand Dollars and no cents ($207,000.00) ("Settlement Fund") to resolve all federal and Missouri state law wage and hour claims of the Class Representative and putative Class Members. This Settlement Fund is inclusive of attorneys' fees, costs, and a service award to the Class Representative, such that Defendant's settlement liability, other than the Defendants' share of payroll taxes and settlement administration costs, shall not exceed $207,000.00.

3.     **Allocation to Class Members**.     Each Class Member shall be allocated a proportionate share of the Settlement Fund after the Settlement Fund has been reduced by (1) court-approved attorneys' fees and costs (as specified in Paragraph 5); (2) a court-approved service award (as specified in Paragraph 4) and (3) a $20.00 minimum payment for each Class Member.  The Settlement Fund as reduced by the foregoing amounts shall be referred to as the "Remaining Settlement Fund."  The settlement shares for all Class Members shall be determined according to the following equitable formula:

(a)     For each individual Class Member, multiply each Class Member's total number of weeks employed from March 16, 2007 to March 31, 2010 by 1.5 (to account for the time that was paid at a straight –time rate instead of an overtime rate).  To this amount, add one-half of each Class Member's total weeks employed from September 18, 2004 through March 15, 2007.  Finally, multiply this amount by each Class Member's total compensation earned while working as a production employee from September 18, 2004 to March 31, 2010.  The resulting calculation for each Class Member is the "Individual Class Member Numerator."

(b)     Add up the Individual Class Member Numerators to obtain the "Total Class Member Denominator."

(c)     To determine the "Resulting Decimal" for each Class Member, divide the Class Member's Individual Class Member Numerator by the Total Class Member Denominator.

(d)     To determine the settlement share for each Class Member, multiply the Resulting Decimal for each Class Member by the Remaining Settlement Fund (resulting in the Class Member's "Settlement Share").

(e)     The Settlement Share for each Class Member shall be added to the $20.00 flat payment to determine the Class Member's Settlement Award.

4. **Service Award**. The Class Representative will receive a service award, subject to Court approval, in an amount not to exceed three thousand dollars ($3,000.00). Defendant does not oppose the amount of the service award.

5. **Attorneys' Fees and Costs**. Class Counsel Stueve Siegel Hanson LLP will apply for an award of attorneys' fees and costs, to be approved by the Court, not to exceed thirty-three percent (33%) of the Settlement Fund. Defendant does not oppose such application.

6. **Settlement Approval Process**.

(a) The parties agree to seek the Court's approval for the Settlement Agreement and, for settlement purposes only, certification of a class of production employees who worked for Defendant at any time from September 18, 2004 to March 31, 2010, at Kraft's Columbia, Missouri hot dog manufacturing facility. The Plaintiff will file an Unopposed Motion for Preliminary Approval of Settlement with the Court and a Proposed Order Approving Settlement in a form substantially similar to the form attached hereto and made a part of the Settlement Agreement as Exhibit B. The parties will cooperate and take all necessary steps to effectuate judicial approval of the Settlement Agreement.

(b) **Preliminary Approval of Settlement**. As soon as practicable after the execution of this Settlement Agreement, Class Counsel shall present this Settlement Agreement to the Court, along with an unopposed motion requesting that the Court issue a Preliminary Order Approving the Settlement, which shall include the following:

(i) preliminary approval of the settlement memorialized in this Settlement Agreement as fair, reasonable, and adequate;

(ii)    certification of this case for settlement purposes, as a class action under Federal Rule of Civil Procedure 23 and as a collective action under 29 U.S.C. 216(b) of the Fair Labor Standards Act;

(iii)    appointing Yvonne Stull as Class Representative;

(iv)    appointing Stueve Siegel Hanson LLP as Class Counsel pursuant to Rule 23(g);

(v)    approving the Notice substantially in the form of Exhibit C for distribution to all Class Members;

(vi)    a direction to the Settlement Administrator to distribute the Notice in the form approved by the Court to Class Members;

(vii)    a finding that the Notice to be given constitutes the best notice practicable under the circumstances, including individual notice to all Class Members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to Class Members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution;

(viii)    a direction that each potential Class Member who wishes to be excluded from the Settlement Class must opt-out per the instructions set forth in the Notice, and that their responses must be received by the date set forth in the Preliminary Approval Order;

(ix)    a direction that any Class Member who has not properly and timely requested exclusion from the Settlement Class shall be bound in the event the Court issues a Final Order Approving Settlement;

(x)    the scheduling of a Fairness Hearing to determine whether this Settlement Agreement should be approved as fair, reasonable, and adequate and whether the proposed Final Order Approving Settlement should be entered;

(xi)    a direction that Class Counsel shall tabulate communications from prospective Class Members asking to be excluded from the Settlement Class and shall report the names and addresses of such persons to the Court and to Defendant no less than ten (10) days before the Fairness Hearing;

(xii)    a direction that Class Counsel shall file a Fee and Expense Application, and Class Representative's Service Award Application 21 days prior to the Fairness Hearing, and a direction that any supplemental brief in support of final approval of the Settlement Agreement or in response to any objections to the application for attorneys' fees or service award be filed seven (7) days before the Fairness Hearing, and that the Court shall determine at the Fairness Hearing in what amount attorneys' fees and reimbursement of costs and expenses should be awarded to Class Counsel, and in what amount a service award will be awarded to the Class Representative;

(xiii)    a direction that any Class Member who wishes to object in any way to the proposed Settlement Agreement must file and serve such written objections per the instructions set forth in the Notice no later than 45 days after the mailing of the Notice, together with copies of all papers in support of his or her position.  The Class Notice shall state that the Court will not consider the objections of any Class Member who has not properly served copies of his or her objections on a timely basis.

(c)    **Objection to Settlement**.  Any Class Member who intends to object to the fairness of the Settlement Agreement must, by the date specified in the Preliminary Order

Approving Settlement (which shall be forty-five (45) days after the mailing of the Class Notice), which shall be no less than fifteen (15) business days before the Fairness Hearing, file any such objection with the Court and provide copies of the objection to: Virginia Stevens Crimmins, Stueve Siegel Hanson LLP, 460 Nichols Road, Suite 200, Kansas City, Missouri 64112, and to Daniel A. Kaplan, Foley & Lardner LLP, 150 E. Gilman Street, Madison, Wisconsin 53703.

Any objection to the Settlement Agreement must include: (i) the objector's full name, address, and telephone number; (ii) the objector's dates of employment with Defendant and job title(s) while employed; (iii) a written statement of all grounds for the objection accompanied by any legal support for such objection; (iv) copies of any papers, briefs, or other documents upon which the objection is based; (v) a list of all persons who will be called to testify in support of the objection; and, (vi) a statement whether the objector intends to appear at the Fairness Hearing. If the objector intends to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the fairness hearing.

Any Class Member who does not file a timely written objection to the settlement and notice of his or her intent to appear at the Fairness Hearing shall be foreclosed from seeking any adjudication or review of the settlement by appeal or otherwise.

(d) **Request for Exclusion**. Any Class Member who wishes to be excluded from the Settlement Class must submit a request for exclusion to the address specified in the Class Notice by the date specified in the Preliminary Order Approving Settlement (which shall be forty-five (45) days after the mailing of the Notice), which shall be no less than fifteen (15) business days before the Fairness Hearing. To be effective, the request for exclusion must (i) include the Class Member's full name, address, and telephone number, (ii) include the Class

Member's dates of employment with Defendant and job title(s), and, (iii) specifically state his or her desire to be excluded from the settlement in *Yvonne Stull, individually and on behalf of a class of others similarly situated v. Kraft Foods Global, Inc. d/b/a Columbia Food Company,* Case No. 09-04187-NKL.

Any Class Member who fails to submit a timely request to be excluded shall be subject to and bound by this Settlement Agreement and every order or judgment entered pursuant to this Settlement Agreement.

(e)     **Defendant Right to Withdrawal Based Upon Requests for Exclusion.** In the event that thirty-five percent (35%) or more Class Members elect to opt-out of the Settlement, Defendant shall have the right, in its sole discretion, to void this Agreement, which will have no further effect upon filing, with the Court, a Notice of Withdrawal From Settlement by Defendant's Counsel. In no event shall Defendant file such a Notice of Withdrawal later than five days (5) after the close of the Notice period. If Defendant files such a Notice of Withdrawal, the case will proceed as if no settlement has been attempted. In that event, the parties agree to enter into new good-faith negotiations relative to the terms of any settlement before resuming litigation.

(f)     **Fairness Hearing.**  On the date set forth in the Preliminary Approval Order, a Fairness Hearing will be held at which the Court will: (1) decide whether to certify the Settlement Class, (2) decide whether to approve the Settlement Agreement as fair, reasonable, and adequate, and (3) decide any petitions for attorneys' fees and costs and the Class Representative's service award application.

If this Settlement Agreement is finally approved by the Court, a Final Order Approving Settlement and directing the entry of judgment pursuant to Federal Rule of Civil Procedure 54(b) shall be entered as follows:

> (i)     certifying the Settlement Class for purposes of this Settlement Agreement;

> (ii)    approving the Settlement Agreement as fair, reasonable, and adequate as it applies to the Class;

> (iii)   appointing Yvonne Stull as Class Representative;

> (iv)    appointing Stueve Siegel Hanson LLP as Class Counsel;

> (v)     declaring the Settlement Agreement to be binding on Defendant and the Class Representative, as well as all of the Class Members who have not been excluded;

> (vi)    dismissing with prejudice the released claims;

> (vii)   dismissing without prejudice the claims of Class Members who have properly and timely excluded themselves in full accordance with the procedures set forth in this Settlement Agreement;

> (viii)  forever discharging Defendant from all released claims; and

> (ix)    indicating the amount of attorneys' fees and expenses to be awarded to Class Counsel and the amount of the Class Representative's service award.

7.     **Settlement Administrator**.   If the Court grants preliminary approval of this Settlement Agreement, the settlement will be administered by Rust Consulting, a third-party administrator ("Settlement Administrator").   Fees and expenses of the Settlement Administrator shall be paid by Defendant separately from the Settlement Fund.

8.  **Settlement Administration**.  The parties agree to the following procedure for settlement administration:

(a)  **Class Data.**  Within five (5) days after the Court preliminarily approves the Settlement Agreement, Defendant will provide the names and addresses of Class Members to the Settlement Administrator and Class Counsel ("Contact Information").  Within the same time, Defendant will provide all compensation and other information to the Settlement Administrator to enable it to obtain current Contact Information and perform the calculations specified in Paragraph 3 (including for each Class Member: (1) dates of employment, and (2) total compensation earned while working as a production employee from September 18, 2004 to March 31, 2010).  Social Security Numbers provided by Defendants shall be held in confidence and shall be used solely for purposes of effectuating this Settlement Agreement.  The Settlement Administrator will make reasonable efforts to obtain valid, current addresses for Class Members through the national change of address database, or other similar database, prior to sending the initial Notice of Settlement and thereafter in accordance with Paragraph 8(c) as needed.

(b)  **Settlement Calculations.**  Upon receipt of the information specified in the previous subparagraph, the Settlement Administrator shall calculate the initial settlement allocation for each Class Member and update/verify each Class Member's Contact Information. The settlement allocations shall be calculated pursuant to the formula provided in Paragraph 3 of this Settlement Agreement, and the Settlement Administrator shall provide the calculations to Class and Defendant's Counsel for review and approval within seven (7) business days of receipt of the information specified in the previous subparagraph.  The Settlement Administrator shall review and re-calculate, if necessary, the settlement allocation for each Class Member promptly following the Court's Final Order Approving Settlement.

(c)  **Issuance of Notice.**  Within ten (10) days of providing the settlement calculations to Class and Defendant's Counsel, the Settlement Administrator shall issue the Notice of Settlement ("Notice") in a form substantially similar to what is attached hereto and made a part of this Settlement Agreement as Exhibit C to all Class Members.  The Notice shall inform Class Members of their right to opt-out of the settlement and the approximate amount they are entitled to receive if they choose to participate in the settlement.  If any Notices to Class Members are returned by the postal services as undeliverable, Kraft agrees to assist in correcting any address errors (including providing Social Security Numbers) and the Notices will be promptly re-mailed to the updated address.  If, after a second mailing of the Notice, the Notice is returned by the USPS as undeliverable, the parties shall be deemed to have satisfied their obligation to provide the applicable Notice to that Class Member.

(d)  **Communications.**  The Settlement Administrator shall provide periodic updates to the Parties regarding participation.

9.  **Release**.

(a)  Upon the Court entering a Final Order Approving Settlement, the Class Representative and Class Members who do not opt-out of the settlement and who endorse their respective settlement checks, which shall contain opt-in language on the back, shall be deemed to have released all federal and Missouri state wage and hour claims that arose in the course of the Class Representative's or Class Members' employment with Defendant as a production employee during the class period.

(b)  Upon the Court entering a Final Order Approving Settlement, Class Members who do not opt-out and who do not endorse their respective settlement checks within 365 days of issuance, shall be deemed to have released all Missouri state wage and hour claims

for unpaid wages that arose in the course of the Class Members' employment with Defendant as a production employee during the class period. Class Members who do not opt-out and who do not endorse their respective settlement checks will not release their federal wage and hour claims, if any.

(c)     Class members who opt-out of the settlement will not release any federal or Missouri state wage and hour claims, if any.

10.     **Settlement Payments.**

(a)     Settlement Checks. If no objections to the settlement are filed, the Settlement Administrator shall issue payment from the Settlement Fund to Class Counsel for the Court-approved attorneys' fees and costs, to the Class Representative for the Court-approved service award, and for the final settlement amounts to participating Class Members within ten (10) days after the Court enters the Final Order Approving Settlement. If objections to the settlement are filed, but the settlement is approved, and no appeals filed, then the Settlement Administrator shall issue payments from the Settlement Fund to Class Counsel for the Court-approved attorneys' fees and costs, to the Class Representative for the Court-approved service award, and for the final settlement amounts to participating Class Members within forty (40) days after the date the Court enters the Final Order Approving Settlement. If an appeal is filed, no payments shall be issued until and unless the settlement is upheld on appeal or the objection is otherwise resolved. If an appeal is filed and the settlement is upheld or the objection is otherwise resolved, the Settlement Administrator shall issue payment from the Settlement Fund to Class Counsel for the Court-approved attorneys' fees and costs, to the Class Representative for the Court-approved service award, and for the final settlement amounts to participating Class Members within ten (10) days of the resolution.

(b)  <u>Reissuing of Payments.</u>  If any settlement checks are returned as undeliverable, the Settlement Administrator shall promptly attempt to locate the person (including using the Social Security Number of that participating Class Member).  Upon request by a participating Class Member, the Settlement Administrator will promptly reissue checks that were mailed but not cashed by the participating Class Member, during the three hundred and sixty-five (365) day time period.  Any settlement check that remains undeliverable or is not cashed after three-hundred and sixty-five (365) days following its issuance shall be cancelled and voided, and the aggregate amount of such cancelled and voided checks shall be remitted back to Kraft, except for three percent (3%) of that amount which shall be distributed, *cy pres*, to the Legal Aid of Western Missouri.

(c)  <u>Tax Treatment</u>.  For tax purposes, one-half of each participating Class Member's settlement amount shall be deemed payment of alleged unpaid wages, subject to all legally required garnishments, liens, wage withholding orders, regular withholding, and similar obligations, and reported on an IRS Form W-2.  The remaining one-half of the settlement amount shall be deemed compensation for interest and liquidated damages, shall not be subject to payroll withholdings, and shall be reported on an IRS Form 1099.  The amounts payable under this Settlement will not trigger any additional benefits or liabilities under Defendant's benefits plans, including any retirement plans in which participating Class Members participate.  Attorney's fees and costs paid pursuant to Paragraph 5 shall be paid without withholding and shall be reported to the IRS and Class Counsel under Class Counsel's name and taxpayer identification number, which Class Counsel shall provide for this purpose, on an IRS Form 1099.  Defendant will bear the employer's share of payroll taxes separately from the Settlement Fund.

11.     **Future Inquiries By Kraft Employees (Including Class Members)**.   If Class

Counsel receives inquiries from any employees (including Class Members) with respect to any

claims they believe they have against Kraft (including, in the case of individuals who could have,

but did not join in this Lawsuit), to the extent consistent with Class Counsel's legal and ethical

obligations, Class Counsel will notify counsel for Kraft of any such claims before instituting any

legal proceedings.   To the extent consistent with Class Counsel's legal and ethical obligations,

Class Counsel and any client(s) will attempt to informally resolve any disputes with Kraft before

any other legal proceedings are commenced.   Such attempt at informal resolution shall include

strongly encouraging Class Counsel's client to participate in mediation of the matter before

instituting a proceeding in court.

12.     **No Press Release**.   Class Counsel, the Class Representative and the Defendant

agree that none of them shall issue or discuss the terms of this Settlement Agreement in the press

or with a media representative, and that none of them shall issue any media or press release

regarding the resolution of the Lawsuit.   If asked by a member of the press or media

representative regarding the Lawsuit or its resolution, each agrees that they shall simply report

that the matter has been amicably resolved without further comment.

13.     **Service or Notice**.   Whenever, under the terms of this Settlement Agreement, a

person is required to provide service or written notice to Defendant, Defendant's Counsel or

Class Counsel, such service or notice shall be directed to the individuals and addresses specified

below:

As to Class Counsel or Plaintiffs:

Virginia Stevens Crimmins
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112

As to Defendant:

> Daniel A. Kaplan
> Foley & Lardner LLP
> 150 E. Gilman Street
> Madison, Wisconsin 53703.

14. **No Admission of Liability**.   By entering into this Settlement Agreement, Defendant admits no liability of any kind, and Defendant expressly denies any liability or wrongdoing.   Accordingly, the parties agree that none of them has prevailed nor shall this Settlement Agreement be construed as evidence that any party has prevailed in this matter.   This Settlement Agreement shall not be admissible in any court or other proceeding except as necessary in connection with a claim of breach of this Settlement Agreement or an effort to enforce this Settlement Agreement.

15. **Choice of Law**.   The enforcement of this Settlement Agreement shall be governed and interpreted by and under the laws of the State of Missouri whether or not any party is or may hereafter be a resident of another state.

16. **Extension of Time**.   The parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Settlement Agreement, without further notice to the Court, subject to Court approval as to Court dates.

17. **No Waivers, Modifications, Amendments**.   This Settlement Agreement constitutes the entire agreement of the parties concerning the subjects contained herein, and all prior and contemporaneous negotiations and understandings between the parties shall be deemed merged into this Settlement Agreement.  No waiver, modification, or amendment of the terms of this Settlement Agreement, whether purportedly made before or after the Court's approval of this Settlement Agreement, shall be valid or binding unless in writing, signed by or on behalf of all parties and then only to the extent set forth in such written waiver, modification or amendment,

subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Settlement Agreement shall not be deemed a waiver of any of the other provisions of this Settlement Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Settlement Agreement.

18. **Court Retains Jurisdiction To Enforce Agreement.** The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Agreement, to the extent permitted by law, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Agreement. Any action to enforce this Agreement shall be commenced and maintained only in this Court.

19. **Agreement to Cooperate/Severability**. The parties acknowledge that it is their intent to consummate this settlement, and they agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Settlement Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Settlement Agreement. The provisions of this Settlement Agreement shall be deemed severable, and the invalidity or unenforceability of any one or more of its provisions shall not affect the validity or enforceability of any of the other provisions.

20. **Counterparts**. This Settlement Agreement shall become effective upon its execution, subject to subsequent Court approval. The parties may execute this Settlement Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Class Representative and Defendant had signed the same instrument. Any signature made and transmitted by facsimile for the purpose of executing this Settlement Agreement shall be

deemed an original signature for purposes of this Settlement Agreement and shall be binding upon the signing party.

21. **Corporate Signatories**.  Each party executing this Settlement Agreement or any of its exhibits on behalf of any party hereto warrants that such person has the authority to do so. Any person executing this Settlement Agreement or any such related documents on behalf of a corporate signatory hereby warrants and promises for the benefit of all parties hereto that such person is duly authorized by such corporation to execute this Settlement Agreement or any such related documents.

22. **Captions**.  The captions or headings of the paragraphs in this Settlement Agreement are inserted for convenience or reference only and shall have no effect upon the construction of interpretation of any part of this Settlement Agreement.

[Remainder of page left intentionally blank; signatures on next page.]

Date: **April 24, 2010**     By: _Yvonne Stull_

Printed Name: __Yvonne Stull__

Title: __Class Representative__


**KRAFT FOODS GLOBAL, INC.**

Date:_____     By: _____

Printed Name: _____

Title:_____


**REVIEWED AND APPROVED AS TO FORM:**

**STUEVE SIEGEL HANSON LLP**

Date: _4/26/10_     By: _Virginia Stevens C_____

Printed Name: ____Virginia Stevens Crimmins____

Class Counsel


**REVIEWED AND APPROVED AS TO FORM:**

**FOLEY & LARDNER LLP**

Date:_____     By: _____

Printed Name: ____Daniel A. Kaplan____

Attorneys for Defendant

Date: _____ By: _____

Printed Name: __Yvonne Stull_____

Title: __Class Representative_____


KRAFT FOODS GLOBAL, INC.

Date: _4/23/10_____ By: _Burton L. Reiter_____

Printed Name: _BURTON L. REITER_____

Title: _CHIEF COUNSEL - LABOR & BENEFITS_


**REVIEWED AND APPROVED AS TO FORM:**

STUEVE SIEGEL HANSON LLP

Date: _____ By: _____

Printed Name: _____Virginia Stevens Crimmins___

Class Counsel


**REVIEWED AND APPROVED AS TO FORM:**

FOLEY & LARDNER LLP

Date: _4/26/2010_____ By: _____

Printed Name: _____Daniel A. Kaplan___

Attorneys for Defendant

Case 2:09-cv-04187-NKL   Document 24-1   Filed 04/26/10   Page 22 of 54

# EXHIBIT A

Hello. We are doing an informal time study of the pre- and post-shift clothes-changing process. We will be selecting a few employees, observing what they do, and making some notes. May we observe you in this process. Thanks.

<u>Instruction to Timer:</u> Timing should begin once the employee has already opened his/her locker and placed outer garment in the locker, but before employee starts to actually don any company-related items or doff personal clothing that he/she intends to replace with company-related items. (For example, since employees may wear an outer winter coat to work, the time associated with doffing this coat should not be included in the overall timing process. However, after that coat has been doffed, please begin to time when employee begins to don any company-provided articles (hair net, cover pants, etc.).

Date: __2/26__    Timer's Initials: __DAK__

☑ Donning    ☐ Doffing    ☑ Packing    ☐ Prep

| Activity | Time | Notes |
|---|---|---|
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 3:46 | Started @ CC. Timed thru locker open, winter coat discarded. Over pants. Carry frock out of locker room. Carry lunch out to break room. |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 3:48 | Started @ CC. Timed thru open locker & discard outer jacket. Changed socks & shoes. Over pants. Tie shoes (45 seconds) - Gloves in pockets. Carried frock to break room. |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 2:21 | Started @ CC. Pants over pants. Slip on yellow boots, tuck pants in boots. Hairnet on. Left frock outside locker room & went to break room. |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 5:07 | Started @ CC. Boots under bench area, changed pants / not over top of pants. Chat w/ neighbor "about Bob." Added belt. Switched orthotics from shoes to boots. Chat with other neighbor about me timing & Bob also. Sat down and rest & talk about Bob (45 seconds). Two others arrived & finished while he dressed. |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) |  |  |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) |  |  |

**CONFIDENTIAL:**
**For Settlement Purposes Only**


*stop activity dong*

Hello. We are doing an informal time study of the pre- and post-shift clothes-changing process. We will be selecting a few employees, observing what they do, and making some notes. May we observe you in this process. Thanks.

Instruction to Timer: Timing should begin once the employee has already opened his/her locker and placed outer garment in the locker, but before employee starts to actually don any company-related items or doff personal clothing that he/she intends to replace with company-related items. (For example, since employees may wear an outer winter coat to work, the time associated with doffing this coat should not be included in the overall timing process. However, after that coat has been doffed, please begin to time when employee begins to don any company-provided articles (hair net, cover pants, etc.).

Date: 2-26

Timer's Initials: CGS

☐ Donning   ☐ Doffing          ☒ Packing   ☐ Prep

| Activity | Time | Notes |
|---|---|---|
| Time to (don)/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 4:49 | Stop at bathroom didn't speak to anyone |
| Time to (don)/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 2:37 + 32 | didn't speak to anyone bathroom- put hair up stop after hair in bathroom |
| Time to (don)/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 325 | didn't speak to anyone |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | |

**CONFIDENTIAL:**
**For Settlement Purposes Only**

*- Note Start*
*- Note stop*
*- Record activity*

Hello. We are doing an informal time study of the pre- and post-shift clothes-changing process. We will be selecting a few employees, observing what they do, and making some notes. May we observe you in this process. Thanks.

Instruction to Timer: Timing should begin once the employee has already opened his/her locker and placed outer garment in the locker, but before employee starts to actually don any company-related items or doff personal clothing that he/she intends to replace with company-related items. (For example, since employees may wear an outer winter coat to work, the time associated with doffing this coat should not be included in the overall timing process. However, after that coat has been doffed, please begin to time when employee begins to don any company-provided articles (hair net, cover pants, etc.).

Date: _____       Timer's Initials: ___VSC___

☒ Donning   ☐ Doffing                    ☒ Packing   ☐ Prep

| Activity | Time | Notes |
|---|---|---|
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 1:50 | stopped @ exit to LR — No coat No talking |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 4:21:99 | stopped at exit to LR — 3 sec - taking sweater off; hang up - 3 sec — 15 sec chatting but didn't stop chg |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 3:11 | -stopped in LR — 4 sec - take coat hang up — 2 sec - chatting |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 7:38 3:18   4:20 | -stopped in LR — 10 sec took off coat hung up shirt; |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | |

**CONFIDENTIAL:**
**For Settlement Purposes Only**

Hello. We are doing an informal time study of the pre- and post-shift clothes-changing process. We will be selecting a few employees, observing what they do, and making some notes. May we observe you in this process. Thanks.

<u>Instruction to Timer</u>: Timing should begin once the employee has already opened his/her locker and placed outer garment in the locker, but before employee starts to actually don any company-related items or doff personal clothing that he/she intends to replace with company-related items. (For example, since employees may wear an outer winter coat to work, the time associated with doffing this coat should not be included in the overall timing process. However, after that coat has been doffed, please begin to time when employee begins to don any company-provided articles (hair net, cover pants, etc.).

Date: 2-26-10                      Timer's Initials: _CC_

☒ Donning   ☐ Doffing            ☐ Packing   ☐ Prep

| Activity | Time | Notes |
|---|---|---|
| Time to don/doff company-provided clothing (hair net, beard net, bump cap, ear plugs, pants, frock) | 3:30 | 5-7 ROLLING SLEEVES/ STANDING/LOOKING IN LOCKER MOVING ITEMS IN |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | (KEYS) 2:04 | 3-5 RIFFLE LOCKER/LOCKER ADJUSTING LOCKER/ CARRIED BUMP CAP NET/ PLUGS |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 2:09 | 4-6 PERSONAL ITEMS IN LOCKER; ADJ COAT/HOODIE ON CARRY ITEMS WITH |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 2:31 | 2:58 COMBO ON LOCKER PERSONAL ITEMS IN LOCKER; CARRY FROCK |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 2:54 | 6-8 GET NET/PLUGS READJUST BELT IN PANT; PERSONAL ITEM IN LOCKER; CARRY HAT/ |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | GLASSES NET/ DUE |

CONFIDENTIAL:
For Settlement Purposes Only

Hello. We are doing an informal time study of the pre- and post-shift clothes-changing process. We will be selecting a few employees, observing what they do, and making some notes. May we observe you in this process. Thanks.

Instruction to Timer: Timing should begin once the employee has already opened his/her locker and placed outer garment in the locker, but before employee starts to actually don any company-related items or doff personal clothing that he/she intends to replace with company-related items. (For example, since employees may wear an outer winter coat to work, the time associated with doffing this coat should not be included in the overall timing process. However, after that coat has been doffed, please begin to time when employee begins to don any company-provided articles (hair net, cover pants, etc.).

Date: 2·26 2010

Timer's Initials: CR

☐ Donning  ☒ Doffing

☒ Packing  ☐ Prep

| Activity | Time | Notes |
|---|---|---|
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 1:50 | PUT COAT BACK ON AS WALKING (DIDN'T PUT ON SHOES SHED SLOWLY/LOT OF TALKING |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 1:53 | REMOVE PERSONAL ITEMS / IN LOCKER |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | |

**CONFIDENTIAL:**
**For Settlement Purposes Only**

Hello. We are doing an informal time study of the pre- and post-shift clothes-changing process. We will be selecting a few employees, observing what they do, and making some notes. May we observe you in this process. Thanks.

<u>Instruction to Timer</u>: Timing should begin once the employee has already opened his/her locker and placed outer garment in the locker, but before employee starts to actually don any company-related items or doff personal clothing that he/she intends to replace with company-related items. (For example, since employees may wear an outer winter coat to work, the time associated with doffing this coat should not be included in the overall timing process. However, after that coat has been doffed, please begin to time when employee begins to don any company-provided articles (hair net, cover pants, etc.).

Date: 2/26                                    Timer's Initials: VSC

☐ Donning    ☒ Doffing                    ☒ Packing    ☐ Prep

| Activity | Time | | Notes |
|---|---|---|---|
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 2:28 | –stopped when dumping in bin | 5 sec got coat 5 sec combed hair 10 sec put coat on |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 3:09 | Stopped when dumping in bin | 3 sec chatting 15 sec putting coat on/ getting coat |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | | |

CONFIDENTIAL:
For Settlement Purposes Only

Hello. We are doing an informal time study of the pre- and post-shift clothes-changing process. We will be selecting a few employees, observing what they do, and making some notes. May we observe you in this process. Thanks.

Instruction to Timer: Timing should begin once the employee has already opened his/her locker and placed outer garment in the locker, but before employee starts to actually don any company-related items or doff personal clothing that he/she intends to replace with company-related items. (For example, since employees may wear an outer winter coat to work, the time associated with doffing this coat should not be included in the overall timing process. However, after that coat has been doffed, please begin to time when employee begins to don any company-provided articles (hair net, cover pants, etc.).

Date: 2-26          Timer's Initials: AGS

☐ Donning     ☐ Doffing          ☒ Packing     ☐ Prep

| Activity | Time | Notes |
|---|---|---|
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 1:52 | Stopped when threw out smock |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | |

CONFIDENTIAL:
For Settlement Purposes Only

Hello. We are doing an informal time study of the pre- and post-shift clothes-changing process. We will be selecting a few employees, observing what they do, and making some notes. May we observe you in this process. Thanks.

Instruction to Timer: Timing should begin once the employee has already opened his/her locker and placed outer garment in the locker, but before employee starts to actually don any company-related items or doff personal clothing that he/she intends to replace with company-related items. (For example, since employees may wear an outer winter coat to work, the time associated with doffing this coat should not be included in the overall timing process. However, after that coat has been doffed, please begin to time when employee begins to don any company-provided articles (hair net, cover pants, etc.).

Date: 2/26

Timer's Initials: DAK

☐ Donning   ☑ Doffing

☑ Packing   ☐ Prep

| Activity | Time | Notes |
|---|---|---|
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 1:42 | Toss frock in bin. Bump cap in locker, kick off boots. Pants over pants discard |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 2:42 | Caught @ door. Frock in bin. Pants over pants, changed socks + shoes. Toss hairnet, put on own shirt + sweatshirt + jacket. Re-organize locker |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | |

CONFIDENTIAL:
For Settlement Purposes Only

Hello. We are doing an informal time study of the pre- and post-shift clothes-changing process. We will be selecting a few employees, observing what they do, and making some notes. May we observe you in this process. Thanks.

Instruction to Timer: Timing should begin once the employee has already opened his/her locker and placed outer garment in the locker, but before employee starts to actually don any company-related items or doff personal clothing that he/she intends to replace with company-related items. (For example, since employees may wear an outer winter coat to work, the time associated with doffing this coat should not be included in the overall timing process. However, after that coat has been doffed, please begin to time when employee begins to don any company-provided articles (hair net, cover pants, etc.).

Date: 2-25-2010

Timer's Initials: _____

☒ Donning   ☐ Doffing

☒ Packing   ☐ Prep

| Activity | Time | Notes |
|---|---|---|
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 1:50 | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 2:32 | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 2:39 | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 2:40 | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 1:32 | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 2:08 | |

CONFIDENTIAL:
For Settlement Purposes Only

Hello. We are doing an informal time study of the pre- and post-shift clothes-changing process. We will be selecting a few employees, observing what they do, and making some notes. May we observe you in this process. Thanks.

<u>Instruction to Timer</u>: Timing should begin once the employee has already opened his/her locker and placed outer garment in the locker, but before employee starts to actually don any company-related items or doff personal clothing that he/she intends to replace with company-related items. (For example, since employees may wear an outer winter coat to work, the time associated with doffing this coat should not be included in the overall timing process. However, after that coat has been doffed, please begin to time when employee begins to don any company-provided articles (hair net, cover pants, etc.).

Date: 2-25-2010                               Timer's Initials: _____

☒ Donning   ☐ Doffing                         ☒ Packing   ☐ Prep

| Activity | Time | Notes |
|---|---|---|
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 2:34 | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 1:42 | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 1:57 | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 1:35 | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 0:44 | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | |

**CONFIDENTIAL:**
**For Settlement Purposes Only**

Hello. We are doing an informal time study of the pre- and post-shift clothes-changing process. We will be selecting a few employees, observing what they do, and making some notes. May we observe you in this process. Thanks.

<u>Instruction to Timer</u>: Timing should begin once the employee has already opened his/her locker and placed outer garment in the locker, but before employee starts to actually don any company-related items or doff personal clothing that he/she intends to replace with company-related items. (For example, since employees may wear an outer winter coat to work, the time associated with doffing this coat should not be included in the overall timing process. However, after that coat has been doffed, please begin to time when employee begins to don any company-provided articles (hair net, cover pants, etc.).

Date: 2-25-2010                                  Timer's Initials: CA

☐ Donning   ☒ Doffing                          ☒ Packing   ☐ Prep

| Activity | Time | Notes |
|---|---|---|
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 1:25 | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 1:26 | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 1:38 | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 0:43 | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 1:21 | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 1:56 | |

**CONFIDENTIAL:**
**For Settlement Purposes Only**

Hello. We are doing an informal time study of the pre- and post-shift clothes-changing process. We will be selecting a few employees, observing what they do, and making some notes. May we observe you in this process. Thanks.

<u>Instruction to Timer</u>: Timing should begin once the employee has already opened his/her locker and placed outer garment in the locker, but before employee starts to actually don any company-related items or doff personal clothing that he/she intends to replace with company-related items. (For example, since employees may wear an outer winter coat to work, the time associated with doffing this coat should not be included in the overall timing process. However, after that coat has been doffed, please begin to time when employee begins to don any company-provided articles (hair net, cover pants, etc.).

Date: 2-25-2010                                   Timer's Initials: _____

☐ Donning   ☒ Doffing                          ☐ Packing   ☐ Prep

| Activity | Time | Notes |
|---|---|---|
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 2:32 | MUCH TALKING - NOT STEADY WITH CLOTHES REMOVAL |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 1:59 | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | |

CONFIDENTIAL:
For Settlement Purposes Only

Hello. We are doing an informal time study of the pre- and post-shift clothes-changing process. We will be selecting a few employees, observing what they do, and making some notes. May we observe you in this process. Thanks.

<u>Instruction to Timer</u>: Timing should begin once the employee has already opened his/her locker and placed outer garment in the locker, but before employee starts to actually don any company-related items or doff personal clothing that he/she intends to replace with company-related items. (For example, since employees may wear an outer winter coat to work, the time associated with doffing this coat should not be included in the overall timing process. However, after that coat has been doffed, please begin to time when employee begins to don any company-provided articles (hair net, cover pants, etc.).

Date: __2/25__          Timer's Initials: __VSC__

☐ Donning    ☐ Doffing          ☒ Packing    ☐ Prep

| Activity | Time | Notes |
|---|---|---|
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 2:25 | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 1:11 | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 1:57 | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 2:13 | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | |

CONFIDENTIAL:
For Settlement Purposes Only

Hello. We are doing an informal time study of the pre- and post-shift clothes-changing process. We will be selecting a few employees, observing what they do, and making some notes. May we observe you in this process. Thanks.

<u>Instruction to Timer</u>: Timing should begin once the employee has already opened his/her locker and placed outer garment in the locker, but before employee starts to actually don any company-related items or doff personal clothing that he/she intends to replace with company-related items. (For example, since employees may wear an outer winter coat to work, the time associated with doffing this coat should not be included in the overall timing process. However, after that coat has been doffed, please begin to time when employee begins to don any company-provided articles (hair net, cover pants, etc.).

Date: __2/25__     Timer's Initials: __VSC__

☒ Donning   ☐ Doffing          ☒ Packing   ☐ Prep

| Activity | Time | Notes |
|---|---|---|
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 3:32 | mtg didn't put on hat smock etc. |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 2:36 | started after opened locker, hung up coat  didn't put hair not on smock |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 3 36 | didn't put on hat, hair net |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 353 | No smock |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 2 12 | No smock No ear plugs, hat etc. |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 2 08 | No smock |

CONFIDENTIAL:
For Settlement Purposes Only

Hello. We are doing an informal time study of the pre- and post-shift clothes-changing process. We will be selecting a few employees, observing what they do, and making some notes. May we observe you in this process. Thanks.

<u>Instruction to Timer</u>: Timing should begin once the employee has already opened his/her locker and placed outer garment in the locker, but before employee starts to actually don any company-related items or doff personal clothing that he/she intends to replace with company-related items. (For example, since employees may wear an outer winter coat to work, the time associated with doffing this coat should not be included in the overall timing process. However, after that coat has been doffed, please begin to time when employee begins to don any company-provided articles (hair net, cover pants, etc.).

Date: 2-25

Timer's Initials: AGS

☐ Donning    ☐ Doffing

☐ Packing    ☒ Prep

| | Activity | Time | Notes |
|---|---|---|---|
| N | Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 3:41:47 | doesn't put hat or frock on until walk in to plant – did it now for me to time |
| N | Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 1:56:75 | Puts hair net on in hallway – not accounted for – ~~was~~ really hurried – nervous b/c – no hat/frock until hall on |
| ⊛ | Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | – came back & got stuff ~~before shift~~ – didn't record |
| F | Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 1:35:66 | taking off as came in the door – didn't time until opened locker |
| F | Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 28 seconds | hurry – thought it was a race – had to come back b/c forgot things |
| F | Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 57 seconds | hurry – thought it was a race |

CONFIDENTIAL:
For Settlement Purposes Only

Hello. We are doing an informal time study of the pre- and post-shift clothes-changing process. We will be selecting a few employees, observing what they do, and making some notes. May we observe you in this process. Thanks.

Instruction to Timer: Timing should begin once the employee has already opened his/her locker and placed outer garment in the locker, but before employee starts to actually don any company-related items or doff personal clothing that he/she intends to replace with company-related items. (For example, since employees may wear an outer winter coat to work, the time associated with doffing this coat should not be included in the overall timing process. However, after that coat has been doffed, please begin to time when employee begins to don any company-provided articles (hair net, cover pants, etc.).

Date: 2·25

Timer's Initials: AGS

☐ Donning     ☐ Doffing                    ☐ Packing    ☒ Prep

| Activity   115 21972 | Time | Notes |
|---|---|---|
| F Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 1:4:72 | thought it was a race |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 1:57:66 | race |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | |

CONFIDENTIAL:
For Settlement Purposes Only

Hello. We are doing an informal time study of the pre- and post-shift clothes-changing process. We will be selecting a few employees, observing what they do, and making some notes. May we observe you in this process. Thanks.

Instruction to Timer: Timing should begin once the employee has already opened his/her locker and placed outer garment in the locker, but before employee starts to actually don any company-related items or doff personal clothing that he/she intends to replace with company-related items. (For example, since employees may wear an outer winter coat to work, the time associated with doffing this coat should not be included in the overall timing process. However, after that coat has been doffed, please begin to time when employee begins to don any company-provided articles (hair net, cover pants, etc.).

Date: _2/25_                                    Timer's Initials: _DAK_

☐ Donning    ☑ Doffing                          ☐ Packing    ☑ Prep

| Activity | Time | Notes |
|---|---|---|
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | :50 | over pants |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | :42 | over pants |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 1:17 | oer pants |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 1:42 | changed pants entirely |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 1:09 | oer pants |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | |

CONFIDENTIAL:
For Settlement Purposes Only

Hello. We are doing an informal time study of the pre- and post-shift clothes-changing process. We will be selecting a few employees, observing what they do, and making some notes. May we observe you in this process. Thanks.

<u>Instruction to Timer</u>: Timing should begin once the employee has already opened his/her locker and placed outer garment in the locker, but before employee starts to actually don any company-related items or doff personal clothing that he/she intends to replace with company-related items. (For example, since employees may wear an outer winter coat to work, the time associated with doffing this coat should not be included in the overall timing process. However, after that coat has been doffed, please begin to time when employee begins to don any company-provided articles (hair net, cover pants, etc.).

Date: __2/25__                                Timer's Initials: __DAK__

☑ Donning    ☐ Doffing                        ☐ Packing    ☑ Prep

| Activity | Time | Notes |
|---|---|---|
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 1:39 | then up to break rom (over parts) |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 3:07 | Charged pants stopped talk for about 15 seconds; put on belt as well |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 4:00 | over pants, coded belt tie shoes/not slip; talk to neighbor & stopped us seconds talked to neighbor |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 1:35 | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 1:46 | Over pants |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 2:13 | Over pants, speaking w co worker for some time; |

CONFIDENTIAL:
For Settlement Purposes Only

Hello. We are doing an informal time study of the pre- and post-shift clothes-changing process. We will be selecting a few employees, observing what they do, and making some notes. May we observe you in this process. Thanks.

<u>Instruction to Timer</u>: Timing should begin once the employee has already opened his/her locker and placed outer garment in the locker, but before employee starts to actually don any company-related items or doff personal clothing that he/she intends to replace with company-related items. (For example, since employees may wear an outer winter coat to work, the time associated with doffing this coat should not be included in the overall timing process. However, after that coat has been doffed, please begin to time when employee begins to don any company-provided articles (hair net, cover pants, etc.).

Date: _2/25_                    Timer's Initials: _D4K_

☑ Donning    ☐ Doffing              ☐ Packing    ☐ Prep

| Activity | Time | Notes |
|---|---|---|
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | 1:58 | take overcoat off after started (40 seconds); pants over pants; put on add'l sweats. |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | |
| Time to don/doff company-provided clothing/articles (hair net, beard net, bump cap, ear plugs, pants, frock) | | |

**CONFIDENTIAL:**
**For Settlement Purposes Only**

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

**YVONNE STULL, individually, and on behalf of a class of others similarly situated,**

**Plaintiff,**

v.

**KRAFT FOODS GLOBAL, INC. d/b/a COLUMBIA FOODS COMPANY,**

**Defendant.**

Case No. 2:09-CV-04187-NKL

## [PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

The above-entitled matter came before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Settlement (Doc. No. ____) and Memorandum in Support (Doc. No. ____). For the reasons set forth in the motion and memorandum, and upon the good cause shown, it is hereby ORDERED that:

1.      Plaintiff's Unopposed Motion for Preliminary Approval of Settlement is GRANTED, and the terms of the Settlement Agreement and Release of Claims ("Settlement Agreement") attached as Exhibit 1 to the Motion (Doc. No. ____) are preliminarily approved as fair reasonable, and adequate.

2.      Solely for purposes of settlement, a Class is hereby certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure and pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"), defined as follows:

> Production employees who worked for Defendant at any time from September 18, 2004 to March 31, 2010, at Kraft's Columbia, Missouri hot dog manufacturing facility.

Excluded from the Class are any Class Members who timely and validly request exclusion from the Class pursuant to the Notice disseminated in accordance with this Order.

3. The Court provisionally, and only for the purposes of this settlement, finds that:

(a) the Class Members consist of 869 individuals employed by Defendant at its Columbia, Missouri hot dog manufacturing facility, and the requirement of numerosity is satisfied;

(b) the litigation and proposed settlement raise questions of law and fact common to the Class, and these common questions predominate over any questions affecting only individual Class Members;

(c) the claims of Yvonne Stull, a former production employee employed by Defendant (the "Class Representative") are typical of the claims of the Class;

(d) in assisting with the litigation and negotiating and entering into the proposed settlement, the Class Representative and her counsel have fairly and adequately protected the interests of the Class, and will adequately represent the Class in connection with the proposed settlement; and

(e) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

4. Pursuant to Rule 23(c)(1)(B) and (g), the Court appoints the Class Representative and her counsel of record Stueve Siegel Hanson LLP to act on behalf of the Class in connection with the proposed settlement.

5. If the proposed settlement is not finally approved by the Court, or the settlement is terminated or fails to become effective in accordance with the terms of the Settlement Agreement, this conditional collective and class action certification shall be vacated without

further order of the Court and without prejudice to the right of any party to seek or oppose class certification thereafter. Otherwise, upon the Court entering a final order approving settlement, this class certification shall become unconditional.

6. A Final Fairness Hearing (the "Fairness Hearing") shall be held before this Court on **[DATE]**, at **[TIME]** at the United States District Court for the Western District of Missouri, 131 W. High Street, Room 7452, Jefferson City, Missouri 65101, to determine whether the proposed settlement is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment should be entered herein; and to determine whether the fees and expenses requested by Class Counsel and the Class Representative's requested service award should be approved. The Court may adjourn the Settlement Hearing without further notice to Class Members.

7. The parties have agreed that the Class be given notice of the proposed settlement by dissemination of a Class Notice, substantially in the form of Exhibit C, attached to the Settlement Agreement. (*See* Ex. 1 to Doc. ___). Pursuant to Rule 23(c)(2)(B), the Court approves the form and content of the Notice and finds that the Notice as proposed by the parties meets the requirements of Rule 23 and due process, is the best notice practicable under the circumstances, including individual notice to all Class Members who can be identified with reasonable efforts and shall constitute valid, due and sufficient notice to Class Members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution. The Court directs the Settlement Administrator, as identified in the Settlement Agreement, to disseminate the Class Notice in accordance with the terms of the Settlement Agreement.

8.     All persons who fall within the Class definition and who do not timely and validly exclude themselves from the Class shall be bound by all determinations and judgments in the litigation concerning the settlement.

9.     Persons who wish to exclude themselves from the Class shall request exclusion within the time and in the manner set forth in the Notice, including mailing or delivering a written exclusion request, such that it is postmarked on or before 45 days from the date the Notice is mailed, to the parties' counsel at the addresses set forth in the Notice.  Unless the Court orders otherwise, no request for exclusion shall be valid unless it is made within the time and in the manner set forth in the Notice.

10.     Any Class Member may enter an appearance in the litigation, at the Class Member's own expense, individually or through counsel of the Class Member's choice.  Any Class Member who does not enter an appearance will be represented by Class Counsel.  Pending final determination of whether the settlement should be approved, neither the Class Representative nor any Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against the Defendant, any action or proceeding in any court or tribunal asserting any of the Released Claims.

11.     Any Member of the Class may appear and show cause why the proposed settlement should or should not be approved as fair, reasonable, and adequate; or why a judgment should or should not be entered thereon; or why the requested attorneys' fees and expenses should or should not be awarded to Class Counsel; provided, however, that no Class Member or any other person shall be heard on or entitled to contest the Court's decision on any of the foregoing matters unless that person – no later than 45 days from the date the Notice is mailed – has, per the instructions set forth in the Notice, (a) filed written objections and any

papers and briefs with the Clerk of the United States District Court for the Western District of Missouri, 131 W. High Street, Jefferson City, Missouri 65101; and (b) mailed or delivered copies of such objections, papers, and briefs to the parties' counsel at the addresses listed in the Notice.

12.     Unless otherwise ordered by the Court, any Class Member who does not make his or her objection in the manner provided in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed settlement or to any award of attorneys' fees and expenses to Class Counsel, and service award to the Class Representative.

13.     No person that is not the Class Representative, a Class Member, or Class Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Settlement Agreement.

14.     The Settlement Fund shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such Settlement Fund shall be distributed pursuant to the Settlement Agreement or further order of the Court.

15.     The application by Class Counsel for approval of attorneys' fees and reimbursement of expenses, and the application for Class Representative's service award, shall be filed and served no later than 21 days prior to the Fairness Hearing. Class Counsel shall report the names and addresses of all prospective Class Members asking to be excluded from the settlement to the Court and to Defendant no later than 10 days prior to the Fairness Hearing. The parties may file final papers in support of the settlement and may respond to any objection to the settlement or the application for attorneys' fees and reimbursement of expenses, provided that such response is filed and served no later than 7 days prior to the Fairness Hearing.

16.     At the Fairness Hearing, the Court shall determine whether to grant the application for attorneys' fees and reimbursement of expenses and the application for Class Representative's service award.

17.     The costs of administering the settlement and providing Notice shall be borne and paid as set forth in the Settlement Agreement.

18.     The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or in connection with the proposed settlement.  The Court may approve the settlement, with such modifications as may be agreed to by the parties, if appropriate, without further notice to the Class.

19.     If the settlement is not approved or consummated for any reason whatsoever, the settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the parties.

It is so ORDERED this ___ day of_____, 2010.


_____
United States District Judge Laughrey

# EXHIBIT C

# If you worked as a Production Employee at Kraft Foods Global, Inc. d/b/a Columbia Foods Company ("Kraft") between the dates of September 18, 2004 and March 31, 2010, you may be entitled to benefits under this settlement.

**THIS NOTICE AFFECTS YOUR LEGAL RIGHTS.  PLEASE READ IT CAREFULLY.**

*This is not a solicitation from a lawyer.  A Federal Court has authorized this Notice.*

## NOTICE OF CLASS ACTION SETTLEMENT:

TO:     «First_Name» «Last_Name»

RE:     Settlement of Claims for Alleged Unpaid Wages

- Yvonne Stull ("the Class Representative"), a former Production Employee, sued Kraft for allegedly failing to properly pay wages, including overtime and for other related violations of federal and Missouri wage and hour law.

- For settlement purposes, the Court conditionally certified this case as a class action on behalf of current and former production employees who worked for Kraft at any time from September 18, 2004 through March 31, 2010 at Kraft's Columbia, Missouri hot dog manufacturing facility.

- This Notice is to inform you about the status of the lawsuit, including your potential right to receive a share of the settlement funds. **Your legal rights are affected and you have a choice to make in this action now**:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **PARTICIPATE IN THE SETTLEMENT** | No action is required if you wish to be included in the Settlement. |
| **EXCLUDE YOURSELF** | You will be unable to participate in the settlement if you choose this option but will retain any rights you may have against Kraft over the claims in this case. |
| **OBJECT** | Write the Court about why you do not like the settlement. |
| **ATTEND THE HEARING** | Ask to speak to the Court about the fairness of the settlement. |

Your options are explained in this Notice.  Please read it carefully.  To exclude yourself from the Settlement you must act before **[45 days from mailing]**.

## 1. What is this lawsuit about?

On September 18, 2009, the Class Representative filed a lawsuit in the United States District Court for the Western District of Missouri on behalf of herself and other similarly situated production employees employed by Kraft. The lawsuit alleged violations of the Fair Labor Standards Act as well as Missouri state law and seeks back pay for non-payment of wages (including overtime), interest, liquidated damages, and attorneys' fees. Specifically, the Class Representative alleged that Kraft failed to properly compensate her and other similarly situated employees for the time spent pre- and post-shift putting on and taking off their work uniforms and protective equipment, and walking within the plant. Additionally, the Class Representative contends that Kraft failed to pay a portion of her and other of its production employees' "idle time" or "clothes changing time" at the appropriate overtime rate. Kraft denied and continues to deny the allegations in the Lawsuit and contends that its policies and practices regarding compensation were proper and in compliance with the law at all times. Kraft wishes to settle this litigation, however, to avoid costly, and time-consuming litigation but does not admit to any wrong-doing or liability.

## 2. Who is included in the Settlement Class?

The following Settlement Class has been conditionally certified: all production employees who worked for Defendant at any time from September 18, 2004 to March 31, 2010, at Kraft's Columbia, Missouri hot dog manufacturing facility.

## 3. What are the Benefits and Terms of the Settlement?

To settle this case, Kraft agreed to pay up to a total of $207,000.00 ("Settlement Fund"), inclusive of all alleged unpaid wages, liquidated damages, penalties, interest, costs, and attorneys' fees. If you elect to participate, you shall receive, if the Court approves the settlement, a portion of the Settlement Fund, after payment of attorneys' fees, costs and expenses and a service award to the Class Representative. Each participating Class Member will be entitled to receive a flat payment of $20 plus an amount to be determined pursuant to an equitable formula based primarily upon (1) the total compensation you earned while working as a production employee from September 18, 2004 to March 31, 2010; and (2) weeks employed from September 18, 2004 through March 31, 2010. **Assuming the Court approves the Settlement as submitted, the gross settlement amount you will receive will be approximately «Settlement_Amount».**

One-half of each Settlement Class Member's settlement payment is considered wages and shall be subject to the withholding of all applicable local, state, and federal taxes, and reported on an IRS Form W-2. The remaining one-half of the settlement payment is considered compensation for interest and liquidated damages, and will not be subject to payroll withholdings, and will be reported on an IRS Form 1099. Please consult with your accountant or other tax advisor regarding the tax consequences of the settlement payment. Further, Class Members' settlement payments do not trigger any additional benefits or liabilities under Defendant's benefit plans, including any retirement plans in which Class Members may participate.

## 4. Who is Class Counsel?

The Court appointed the following lawyers as Class Counsel to represent the conditionally certified Settlement Class: Virginia Stevens Crimmins and Ashlea Schwarz, Stueve Siegel Hanson LLP, 460 Nichols Road, Suite 200, Kansas City, Missouri 64112.

## 5. How much are Attorneys' Fees, Expenses and the Service Award to the Class Representative ?

Class Counsel has pursued the lawsuit on a contingent basis and has not received any payment of fees or any reimbursement of their out-of pocket expenses related to the recovery on behalf of the Class. As part of the settlement, subject to Court approval, Class Counsel will apply for fees and expenses in an amount not to exceed $68,310, which is 33% of the Settlement Fund. Under this settlement, Class Counsel will recover compensation from the Settlement Fund. Participating Class Members will not be required to make any payments to Class Counsel for attorneys' fees or other litigation costs from their individual settlement amounts. Class Counsel will also ask the Court to approve a service award to the Class Representative in an amount not to exceed $3,000.00. Class Members may object to the terms of the settlement and/or to the Class Counsels' request for attorneys' fees and expenses, and/or to the service award to the Class Representative, pursuant to Paragraph 9(c).

## 6. What happens if the Court Approves Settlement?

If the Court approves the proposed Settlement, it will enter a judgment that will dismiss the Litigation with prejudice on the merits as to all Class Members who do not exclude themselves. This means that Class Members who do not exclude themselves will be barred from bringing their own lawsuits for recovery against Kraft as follows:

- Class Members who do not exclude themselves from the Settlement and who endorse their respective settlement check(s), will release all federal and Missouri state wage and hour claims that arose in the course of such Class Member's employment with Defendant as a production employee from September 18, 2004 through March 31, 2010.

- Class Members who do not exclude themselves from the Settlement but who do not endorse their respective settlement check(s), will release their Missouri state wage and hour claims that arose in the course of such Class Member's employment with Defendant as a production employee from September 18, 2004 through March 31, 2010, but their federal claims, if any, will not be released.

- Class Members who validly and timely request exclusion from the Settlement, will not release any federal or Missouri state wage and hour claims, if any.

## 7. What happens if the Court does not approve the Settlement ?

If the Court does not approve the proposed settlement, the case will proceed as if no settlement has been attempted and there can be no assurance that the class will recover more than is provided for in this Settlement, or indeed, anything.

## 8. When is the Fairness Hearing ?

A hearing will be held before the Honorable Judge Laughrey in the United States District Court for the Western District of Missouri on **[INSERT DATE]** at _____ _.m. at 131 W. High Street, Room 7452, Jefferson City, Missouri 65101. The purpose of the hearing is for the Court to decide whether the proposed settlement is fair, reasonable, and adequate and should be approved and, if so, to determine what amount of attorneys' fees and expenses should be awarded to Class Counsel and what amount should be awarded as a Service Award to the Class Representative. The time and date of this hearing may be changed without further notice.

## 9. What are my options regarding the Settlement?

If you are receiving this Notice, you have the following options:

    **a.** **Participate in the Settlement:** Do nothing and, assuming the Court approves the Settlement, receive a check in the approximate amount of $**XXXX**.

**b. Request to be Excluded:** If you wish to be excluded from the Settlement Class, you must submit a request for exclusion. To be effective, the request for exclusion must (i) include your full name, address, and telephone number, (ii) include your dates of employment and job title(s) with Kraft, and, (iii) specifically state your desire to be excluded from the settlement in the *Yvonne Stull, individually and on behalf of a class of others similarly situated v. Kraft Foods Global, Inc. d/b/a Columbia Food Company,* Case No. 09-04187-NKL. Your request must be postmarked by **[INSERT 45 days from mailing]** and mailed to **[INSERT SETTLEMENT ADMINISTRATOR'S ADDRESS]. If you exclude yourself, you will not receive any monies from the settlement.**

Failure to include the required information or to timely submit your request will result in your remaining a member of the Settlement Class and being bound by any final judgment. If you validly and timely request exclusion from the Settlement Class, you will not be bound by any final judgment, and you will not be precluded from instituting or prosecuting any individual claim you may otherwise have against Kraft related to the subject matter of this Lawsuit.

**c. Object:** If you are a Class Member and you do not request to be excluded, you may object to the terms of the settlement and/or to the Class Counsels' request for attorneys' fees and expenses, and/or to the Service Award for the Class Representative. If you object and the settlement is approved, you will be barred from bringing your own individual lawsuit asserting claims related to the matters referred to in the Litigation, and you will be bound by the final judgment and release and all Orders entered by the Court. You may, but need not, enter an appearance through counsel of your choice. If you do, you will be responsible for your own attorneys' fees and costs.

If you object to the settlement and/or to the Class Counsels' request for attorneys' fees and expenses, and/or to the Service Award for the Class Representative, you must, on or before **[45 days from mailing Notice but no later than 10 days before Fairness Hearing]**: (1) file with the Clerk of the United States District Court for the Western District of Missouri, and (2) serve upon Virginia Stevens Crimmins, Stueve Siegel Hanson LLP, 460 Nichols Road, Suite 200, Kansas City, Missouri 64112 (Class Counsel), and to Daniel A. Kaplan, Foley & Lardner LLP, 150 E. Gilman Street, Madison, Wisconsin 53703 (counsel for Kraft)., a written objection including: (a) your full name, address and telephone number, (b) the dates of your employment with Kraft, and your job title(s) while employed with Kraft, (c) a written statement of all grounds for the objection accompanied by any legal support for your objection, (d) copies of any papers, briefs, or other documents upon which the objection is based, (e) a list of all persons who will be called to testify in support of the objection, (f) a statement of whether you intend to appear at the Fairness Hearing, and (g) your signature, even if you are represented by counsel. If you intend to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing you who will appear at the Fairness Hearing. Settlement Class Members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement.

## 10. Are there more details available?

For additional information you may contact the Settlement Administrator at **[INSERT CONTACT NUMBER]** or Class Counsel by (a) calling Stueve Siegel Hanson at 1-888-756-6495, or (b) sending correspondence to Virginia Stevens Crimmins at Stueve Siegel Hanson LLP, 460 Nichols Road, Suite 200, Kansas City, Missouri 64112. **No inquiries should be directed to the Court.**

Dated: _____        BY ORDER OF THE COURT
                              Clerk of the Court