IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

**YVONNE STULL, individually, and on behalf of a class of others similarly situated,**

        **Plaintiff,**

  v.

**KRAFT FOODS GLOBAL, INC. d/b/a COLUMBIA FOODS COMPANY,**

        **Defendant.**

Case No. 2:09-CV-04187-NKL

## ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF SETTLEMENT

On October 28, 2010, the Court held a hearing to consider Plaintiff's Motion for Final Approval of Settlement. After review of the Motion for Final Approval and Memorandum in Support, and following argument at the hearing, the Court hereby **GRANTS** Plaintiff's Motion for Final Approval of Settlement and finally approves the class action settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure and Section 216 of the Fair Labor Standards Act.

1. Plaintiff and Defendant have entered into a Settlement Agreement and Release of Claims ("Settlement Agreement"), which sets forth the terms and conditions for a proposed settlement.

2. The Court preliminarily approved the Settlement Agreement on May 5, 2010. (Doc. 26).

3. The preliminary approval order outlined the form and manner by which Plaintiff was to provide the Class with notice of the settlement, the fairness hearing, and related matters.

4.      The Settlement Administrator verified that the mailing of notice conformed to the preliminary approval order. The Court finds that the notice program fully complied with Rule 23 and the requirements of due process, providing to the Class the best notice practicable under the circumstances.

5.      The Court hereby grants final approval of the settlement on the basis that the settlement is fair, reasonable, and adequate to the settlement class. *See* Fed. R. Civ. P. 23(e). The Court is satisfied that the settlement was fairly and honestly negotiated, was the result of vigorous arms-length negotiations which were undertaken in good faith by experienced counsel, and that serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation. Moreover, the Court gives weight to the Class Members' reaction to the settlement. No individuals have formally objected to this settlement and the opt-out rate is extremely low (less than 1%). These facts all indicate a positive reaction to the settlement. Finally, the Court gives weight to the parties' judgment that the settlement is fair and reasonable. *In re BankAmerica Corp. Sec. Litig.,* 210 F.R.D. 694, 702 (E.D. Mo. 2002). In light of these facts, the Court finds that the settlement is fair, reasonable, and adequate and should be approved. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005); *see* also *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

6.      Consequently, the Court hereby certifies a Class of 705 production employees who worked for Defendant from September 18, 2004 to March 31, 2010, at Kraft's Columbia, Missouri hot dog manufacturing facility pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure and pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA").

7. Pursuant to Rule 23(c)(1)(B) and (g), the Court appoints the Class Representative and her counsel of record Stueve Siegel Hanson LLP to act on behalf of the Class in connection with the settlement.

8. Defendant and Class Representative Stull, and all persons who fall within the Class definition who did not timely and validly exclude themselves from the Class shall be bound by the terms of the Settlement Agreement and all determinations and judgments in the litigation concerning the settlement. The claims of all individuals not excluded from the Class are hereby dismissed with prejudice. Defendant is hereby forever discharged from all Released Claims as defined in the Settlement Agreement.

9. The persons identified in Plaintiff's Notice and Report of Requests for Exclusion From Settlement (Doc. 33) are excluded from this Settlement and therefore are not bound by this Order, and their claims are hereby dismissed without prejudice. Those persons are not entitled to any recovery from the settlement proceeds obtained through this settlement.

10. The application by Class Counsel for approval of attorneys' fees and expenses in the amount of 33% of the Settlement Fund, and the application for the Class Representative's service award in the amount of $3,000.00 are APPROVED.

11. Defendant is hereby ordered to pay the settlement awards to the Class Representative and Class Members, the Class Representative's service award, and Class Counsel's approved attorneys' fees and expenses in accordance with the terms of the Settlement Agreement.

12. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction to implement, enforce, administer, effectuate, interpret and

monitor compliance with the provisions of the Settlement Agreement, the Final Approval Orders and this Judgment.

It is so ORDERED this 8th day of November, 2010.

                                                s/ NANETTE LAUGHREY  
                                                United States District Judge Laughrey